FILED IN CLERK'S OFFICE
U.S.D.C        ta

SEP 24 2007

JAMES N. HALLEN, CLERK
By: _____ Deputy Clerk

ORIGINAL

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,        :
                               :
        Plaintiff,             :        CIVIL ACTION NO.
                               :
    v.                         :        **1:07-CV-2316**
                               :
                               :        COMPLAINT
SUPERIOR ASSET MANAGEMENT, INC.:           &
                               :        JURY TRIAL DEMAND
        Defendant.             :
                               :

RWS

## COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 ("Title VII") to correct unlawful employment practices on the basis of unlawful retaliation, and to provide appropriate relief to the Charging Party, Michelle McDonald-Upshaw, (hereinafter "McDonald-Upshaw"), who was adversely affected by such practices. The Commission alleges that McDonald-Upshaw was employed by Defendant, Superior Asset Management Inc. (Superior), as a Collection Manager at its Norcross, Georgia location. McDonald-Upshaw complained to Superior's managers about sexual harassment and was discharged the same day of her

1

complaint. The Commission alleges that the termination was in retaliation for McDonald-Upshaw engaging in protected activity in violation of Title VII.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) (Title VII), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division.

## PARTIES

3.     Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 28 U.S.C. § 2000e-5(f)(1) and (3).

4.     At all relevant times, Defendant Superior Asset Management, Inc. (the "Defendant") has continuously been doing business in the State of Georgia and the

City of Norcross and has continuously had at least 15 employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.      More than 30 days prior to the institution of this lawsuit, McDonald-Upshaw filed a charge with the Commission alleging violations of Title VII by Defendant.  All conditions precedent to the institution of this lawsuit have been fulfilled.

7.      Since at least February 2005, Defendant engaged in unlawful employment practices in violation of Section 704(a) of Title VII, 28 U.S.C.§2000e-3(a), by discharging Michelle McDonald-Upshaw in retaliation for engaging in protected activity, including her opposition to practices made unlawful under Title VII.

8.      The effects of the practices complained of in paragraph 7 above have been to deprive McDonald-Upshaw of equal employment opportunities and otherwise adversely affect her status as an employee because she engaged in protected activity.

9.      The effects of the practices complained of in paragraph 7 above have

3

been to deprive McDonald-Upshaw of equal employment opportunities and otherwise adversely affect her status as an employee because she engaged in activity protected by Title VII.

10.    The unlawful employment practices complained of in paragraph 7 above were intentional.

11.    The unlawful employment practices complained of in paragraph 7 above were carried out with malice and/or reckless indifference to the federally protected rights of McDonald-Upshaw.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all other persons in active concert or participation with it, from engaging in unlawful retaliatory conduct against employees and from engaging in any other employment practices which discriminates against individuals who engage in protected activity under Title VII.

B.    Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees and for all employees who engage in protected activity, without fear of reprisal and which eradicate the effects of its past and present unlawful employment practices.

4

C.     Order Defendant to make whole McDonald-Upshaw, who was adversely affected by Defendant's discriminatory conduct, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.     Order Defendant to make whole McDonald-Upshaw by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above in amounts to be determined at trial.

E.     Order Defendant to make whole McDonald-Upshaw by providing compensation for non-pecuniary losses resulting from the unlawful employment practices described above, including emotional pain and suffering, inconvenience, loss of enjoyment of life, anxiety, stress, depression, and humiliation, in amounts to be determined at trial.

F.     Order Defendant to pay to McDonald-Upshaw punitive damages for Defendant's malicious and reckless conduct described above, in amounts to be determined at trial.

G.     Grant such further relief as the Court deems necessary and proper.

H.     Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its

Complaint.

Respectfully submitted,

Ronald S. Cooper
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

9/24/07

Robert K. Dawkins
Regional Attorney
Georgia Bar No. 076206

U.S. Equal Employment Opportunity Commission
Atlanta District Office
100 Alabama St., SW, Suite 4R30
Atlanta, Georgia 30303
Telephone:   (404) 562-6818
Facsimile:    (404) 562-6905

6